UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RANDY LEE MARTIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:15-CV-402-TLS |
| | ) | |
| SHERIFF JOHN BUNCICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Randy Lee Martin, a prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983 against the Lake County Jail and Sheriff John Buncich for failing to protect him from being assaulted at the jail. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Randy Lee Martin is currently incarcerated at the Lake County Jail. He has brought suit against the Lake County Sheriff John Buncich and the Lake County Jail because he was

assaulted by other inmates while he was incarcerated there. (Compl., ECF No. 1 at 3.) As a threshold matter, neither the jail nor Sheriff Buncich is a proper defendant here. Although the events occurred at the jail, it is a building, not a person or even a policy making unit of government that can be sued pursuant to § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). In addition, Martin does not explain why Sheriff Buncich should be liable and, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Sheriff Buncich cannot be held liable simply because he oversees operations at the jail or supervises other correctional officers. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009).

Additionally, just because Martin was injured by fellow inmates at the Lake County Jail does not necessarily mean that he will be able to state a claim against any official or employee working there. While correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates," prisons are inherently dangerous places. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Thus, Martin will have to establish that "a defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). There are no allegations in the current complaint that would plausibly suggest that any official had such knowledge.

Lastly, Martin asserts that he was denied proper medical care. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability the prisoner must show: (1) he or she had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has

2

diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations omitted).

Here, while Martin claims that he was severely beaten and his medical treatment was delayed, there are no allegations to suggest that any individual was aware of his medical needs and deliberately indifferent to those needs.

Nevertheless, because this complaint is vague, Martin will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, he needs to set forth his claims in sufficient detail and address the deficiencies raised in this Order. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the Court:

(1) **DIRECTS** the Clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 packet and send it to Randy Lee Martin;

(2) **GRANTS** Randy Lee Martin to and including February 12, 2016, to file an amended complaint; and

3

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 11, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION